UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
ALBERTO CABRERA,

                        Petitioner,

         -against-

WILLIAM LEE, Superintendent,
Green Haven Correctional Facility,[1]

                    Respondent.
-------------------------------------------------------X

**REPORT AND
RECOMMENDATION**

10 Civ. 8304 (VB)(GAY)

TO THE HONORABLE VINCENT L. BRICCETTI, United States District Judge:

      On June 26, 2006, a Westchester County jury convicted petitioner Alberto Cabrera "petitioner" or "defendant") of assault in the first degree.  Petitioner's conviction stemmed from his altercation with Eric Landrine in the stairwell of their apartment building on July 24, 2005 in New Rochelle, New York.  On September 13, 2006, the trial court sentenced petitioner (as a second violent felony offender) to a determinate prison term of twenty years, followed by five years of post-release supervision.  He is currently incarcerated at the Green Haven Correctional Facility in Stormville, New York.

      Presently before this Court is petitioner's *pro se* Petition for a Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254.  For the reasons set forth below, I respectfully recommend that the Court deny the petition in its entirety.

---

[1] The caption has been amended to reflect petitioner's transfer to Green Haven Correctional Facility in June 2012.

## I. PROCEDURAL HISTORY

Petitioner was indicted on January 24, 2006.  On March 24, 2006, petitioner's

counsel filed an omnibus motion seeking, *inter alia*, suppression of statements petitioner

made while in custody at 1:18 a.m. at the apartment building and at 4:00 a.m. at the

police station.  See  Exh. 1.[2]  Petitioner sought suppression of the noticed statements

on the grounds that they were made in violation of *Miranda* and were fruits of an arrest

without probable cause.  See id. at 9.[3]  Following a hearing on the admissibility of

petitioner's statements,[4] the County Court (Zambelli, J.) denied petitioner's motion to

suppress.[5]  See Exh. 4.

Prior to trial, the prosecution suspected that the victim and a ten year old witness

were being intimidated and threatened by individuals acting at petitioner's behest.  The

prosecution initiated an investigation into witness tampering and issued a Grand Jury

---

[2] Citations to "Exh. ____" refer to exhibits attached to Respondent's Memorandum of Law and Appendix.

[3] Petitioner's Fourth Amendment argument was limited to one sentence: "When a seizure is made by police acting without a warrant and not based upon probable cause, the fruits of the seizure may be suppressed on Fourth Amendment grounds."

[4] At the hearing, the court precluded defense counsel's questions directed to the issue of probable cause to arrest, on the ground that she had not raised the issue in her motion papers.  See Hearing Transcript, at 25-26.  At the close of the Hearing's evidence, defense counsel argued that she had raised the probable cause issue in her motion papers.  See id. at 46-48.  The court pressed defense counsel to point out exactly "where in your motion do you raise the legality of the defendant's arrest with any facts to support the allegation of the illegality of a warrantless arrest or acting without probable cause?"  See id. at 47.  Defense counsel conceded she had not.  See id. at 49.

[5] The court held, *inter alia*, that petitioner's statements upon exiting the apartment and the building were spontaneous and not the product of police words or actions.

subpoena ordering the production of recorded telephone calls made by petitioner from the jail to his girlfriend, Carol Fentress.  No additional charges were filed against petitioner as a result of said investigation.  However, at trial, the prosecution sought to use information obtained from the recorded telephone calls to impeach the credibility of defense witnesses Fentress and her daughter, Alicia Gunthorpe.  Defense counsel objected; the trial court allowed the prosecution to use the tapes for impeachment purposes (500-05, 553-560).[6]

Following trial and sentencing, petitioner (by and through counsel) timely appealed the judgment of conviction to the Appellate Division, Second Department, on the following grounds: (1) the people's failure to disclose (prior to trial) the recordings and allegations of defendant's misconduct and the excessively abusive cross-examination of defense witnesses constituted prosecutorial misconduct; (2) the trial court's rulings deprived petitioner of due process and a fair trial; (3) trial counsel was ineffective because (a) in her omnibus motion, she failed to sufficiently challenge the legality of petitioner's arrest, (b) she failed to adequately object during the prosecution's cross-examination of defense witnesses and (c) she failed to seek a continuance for the opportunity to review the recorded telephone calls; (4) the evidence was legally insufficient and the verdict was against the weight of the evidence; and (5) petitioner's sentence was unduly harsh and excessive.  See Exh. 15 at 30-64.

During the pendency of his direct appeal, petitioner (by and through counsel) filed a motion to vacate the judgment of conviction pursuant to section 440.10 of the New York Criminal Procedure Law ("CPL"), on the grounds that the prosecution

_____

[6] Numbers in parentheses refer to pages from the trial transcript.

"engaged in highly improper off the record conduct."  See Exh. 5 at ¶ 7.  Petitioner

specifically alleged that he was deprived of due process and a fair trial because the

prosecution: (1) eavesdropped on calls made from Ms. Fentress' private cell phone; (2)

eavesdropped on private conversations between petitioner and trial counsel; (3)

improperly used police powers to have DOCS search, seize and copy petitioner's

private documents; (4) improperly used Grand Jury subpoenas to obtain privileged

documents used to impeach defense witnesses; and (5) fraudulently represented that

the information on the tape recordings provided a good faith basis to ask highly

inflammatory and prejudicial questions during cross-examination of defense witnesses.

By Decision and Order dated July 16, 2008, the County Court, Westchester County

(Cacace, J.) denied petitioner's motion in its entirety.  See Exh. 9.  On September 25,

2008, the Second Department denied petitioner's request for leave to appeal the denial

of his 440.10 motion.  See Exh. 14.

By Decision and Order dated April 21, 2009, the Second Department affirmed

petitioner's conviction.  See People v. Cabrera, 61 A.D.3d 884, 877 N.Y.S.2d 213 (2d

Dep't 2009).  The New York Court of Appeals denied petitioner leave to appeal on July

29, 2009.  See People v. Cabrera, 12 N.Y.3d 924, 912 N.E.2d 1086, 884 N.Y.S.2d 705

(2009).

On or about October 19, 2010, petitioner timely filed the instant Petition for a Writ

of Habeas Corpus wherein he asserts the following grounds for habeas relief: (1) he

was deprived of a fair trial because the prosecution (a) eavesdropped on private

conversations initiated from Ms. Fentress' cell phone, (b) eavesdropped on private

conversations between petitioner and trial counsel, (c) improperly used police powers to

-4-

have DOCS search, seize and copy petitioner's private documents, (d) improperly used Grand Jury subpoenas to obtain privileged documents used to impeach defense witnesses and (e) fraudulently represented that the information on the tape recordings provided a good faith basis to ask highly inflammatory and prejudicial questions during cross-examination of defense witnesses; and (2) trial counsel was ineffective because she (a) failed to request a _Dunaway_[7] hearing to challenge the legality of petitioner's arrest and (b) failed to preserve the issue of insufficient evidence.  See Petition at 4-5; Petitioner's Memorandum of Law at 15-23.

## II.  STANDARD OF REVIEW

"[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."  Estelle v. McGuire, 502 U.S. 62, 68 (1991).  See 28 U.S.C. § 2254(a). Subsequent to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, a federal court may not grant habeas relief for any claim adjudicated on the merits in state court unless the petitioner establishes, in pertinent part, that the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).

A state court's decision is "contrary to" clearly established Federal law if (1) "the state court arrives at a conclusion opposite to that reached by [the Supreme Court of the United States] on a question of law" or (2) "the state court confronts facts that are

_____

[7] Dunaway v. New York, 442 U.S. 200 (1979).

materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [that reached by the Supreme Court of the United States]."  See Williams v. Taylor, 529 U.S. 362, 405 (2000).  As to the "unreasonable application" prong, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  See id. at 411.  A state court decision involves an "unreasonable application" of Federal Supreme Court precedent if (1) "the state court identifies the correct legal rule from [Federal Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case" or (2) "the state court either unreasonably extends a legal principle from [Federal Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply."  See id. at 407.  However, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."  See Harrington v. Richter, 131 S. Ct. 770, 786 (2011) (citation omitted).  In other words, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  Id. at 786-87.

Finally, under the AEDPA, the factual findings of state courts are presumed to be correct.  See 28 U.S.C. §2254(e)(1); see also Nelson v. Walker, 121 F.3d 828, 833 (2d

Cir. 1997).  The petitioner must rebut this presumption by "clear and convincing

evidence."  See 28 U.S.C. §2254(e)(1).

## III.  PROSECUTORIAL MISCONDUCT:  PROCEDURAL DEFAULT

Federal habeas corpus review of a state court's denial of a state prisoner's

federal constitutional claim is barred if the state court's decision rests on an

independent and adequate state procedural ground, unless the petitioner can

demonstrate cause for the procedural default and actual prejudice resulting from the

alleged constitutional violation, or show "that failure to consider the claims will result in a

fundamental miscarriage of justice."  See Coleman v. Thompson, 501 U.S. 722, 750

(1991).  See also Lee v. Kemna, 534 U.S. 362, 375 (2002); Dunham v. Travis, 313 F.3d

724, 729 (2d Cir. 2002).  A procedural ground is "independent" if "the last state court

rendering a judgment in the case clearly and expressly states that its judgment rests on

a state procedural bar."  See Harris v. Reed, 489 U.S. 255, 263 (1989) (internal

quotation marks omitted).  A procedural bar is "adequate" if it is "based on a rule that is

firmly established and regularly followed by the state in question."  Monroe v. Kuhlman,

433 F.3d 236, 241 (2d Cir. 2006) (internal quotation and citation omitted).  In certain

limited circumstances, however, "even firmly established and regularly followed state

rules will not foreclose review of a federal claim if the application of the rule in a

particular case is 'exorbitant.'"  See Garvey v. Duncan, 485 F.3d 709, 713-14 (2d Cir.

2007) (citing Lee, 534 U.S. at 376).  To this end, the Second Circuit has set forth the

following "guideposts" for evaluating the adequacy of the state procedural bar in the

context of "the specific circumstances presented in the case, an inquiry that includes an

evaluation of the asserted state interest in applying the procedural rule in such circumstances":

> (1) whether the alleged procedural violation was actually relied on in the trial court, and whether perfect compliance with the state rule would have changed the trial court's decision; (2) whether state caselaw indicated that compliance with the rule was demanded in the specific circumstances presented; and (3) whether petitioner had "substantially complied" with the rule given "the realities of trial," and, therefore, whether demanding perfect compliance with the rule would serve a legitimate governmental interest.

See Cotto v. Herbert, 331 F.3d 217, 240 (2d Cir. 2003) (quoting Lee, 534 U.S. at 381-85).

As his first ground for habeas relief, petitioner argues that he was deprived of a fair trial because the prosecution (1) eavesdropped on private conversations initiated from Ms. Fentress' cell phone, (2) eavesdropped on private conversations between petitioner and trial counsel, (3) improperly used police powers to have DOCS search, seize and copy petitioner's private documents, (4) improperly used Grand Jury subpoenas to obtain privileged documents used to impeach defense witnesses and (5) fraudulently represented that the information on the tape recordings provided a good faith basis to ask highly inflammatory and prejudicial questions during cross-examination of defense witnesses. Petitioner raised identical arguments as the basis for his CPL 440.10 motion; the County Court denied petitioner's 440.10 motion in its entirety. The Second Department thereafter denied petitioner's request for leave to appeal the denial of his 440.10 motion.

Pursuant to CPL §440.10(2)(b), a state court must deny a motion to vacate a judgment when "[t]he judgment is, at the time of the motion, appealable or pending on appeal, and sufficient facts appear on the record with respect to the ground or issue

raised upon the motion to permit adequate review thereof upon such an appeal."  Here,

upon consideration of petitioner's motion to vacate, the County Court cited to CPL

§440.10(2)(b), determined that "[t]he issues raised by the defendant as grounds for this

motion all appear in the record sufficiently to permit appellate review" and denied his

motion accordingly.  See Exh. 9, at 2.  Thus, the County Court's denial of petitioner's

prosecutorial misconduct claims clearly and expressly rested on a state procedural bar.

"It is well-settled in this Circuit that section 440.10(2)(b) can provide an adequate and

independent state law ground on which to deny habeas relief."  Kimbrough v. Bradt, No.

9:12–CV–0034, 2013 WL 2545379, at *13 (N.D.N.Y. June 11, 2013) (citing cases).

Further, the County Court's application of CPL §440.10(2)(b) in this case was not

exorbitant.  As to the first Cotto consideration, the alleged procedural violation was

actually relied on in the trial court.  Moreover, had petitioner complied with CPL

§440.10(2)(b) and the County Court's determination (by filing a pro se supplemental

brief), the Appellate Division would have had an opportunity to review petitioner's

arguments on their merits.[8]  The second Cotto consideration also weighs against

petitioner because "New York courts have consistently held that, when a petitioner's

direct appeal from a judgment of conviction is pending, he or she may not raise a claim

in a collateral attack on that judgment if sufficient facts in the record will allow its

adequate review on the direct appeal."  See Avent v. Napoli, No. 08 Civ. 932, 2013 WL

---

[8] Alternatively, had petitioner filed a pro se supplemental brief and the Appellate
Division concluded that the trial record was inadequate to permit review of the claims, it
would have reversed the County Court's procedural denial and remanded the issues to
the County Court for consideration on the merits.  Either way, perfect compliance with
§440.10(2)(b) would have enabled substantive review of petitioner's claims.

1788626, at *12 (S.D.N.Y. Feb. 7, 2013) (citing cases). The third *Cotto* consideration similarly disfavors petitioner because he did not "substantially comply" with the rule.

Because there is an adequate and independent finding by the County Court that petitioner procedurally defaulted on the prosecutorial misconduct claims he now asserts as grounds for habeas relief, petitioner must demonstrate in his habeas petition "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." See Coleman, 501 U.S. at 750. Petitioner, however, has made no attempt to show cause or prejudice, and there is no indication that this Court's failure to address the merits of the unpreserved arguments would result in a fundamental miscarriage of justice. Accordingly, I conclude, and respectfully recommend, that petitioner's procedural default bars federal review of his first claim for habeas relief.[9]

## IV. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

Petitioner asserts, as his second ground for habeas relief, that his trial counsel was ineffective because she failed to request a *Dunaway* hearing to challenge the legality of petitioner's arrest[10] and failed to preserve the issue of insufficient evidence. The Supreme Court has stated that "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper

---

[9] Dismissal of claim for habeas relief on the ground of procedural default amounts to "a disposition of the habeas claim on the merits." See Carvajal v. Artus, 633 F.3d 95, 104 (2d Cir. 2011).

[10] "[A] *Dunaway* hearing is used to determine whether a statement or other intangible evidence obtained from a person arrested without probable cause should be suppressed at a subsequent trial." Montgomery v. Wood, 727 F. Supp.2d 171, 185-86 (W.D.N.Y. 2010).

functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland v. Washington, 466 U.S. 668, 686 (1984).  Under Strickland's two-pronged test, petitioner will prevail on his ineffective assistance claim if he demonstrates (1) that his attorney's performance "fell below an objective standard of reasonableness" and (2) that there is a "reasonable probability" that, but for counsel's error, "the result of the proceeding would have been different." See id. at 694.  Both prongs of the test must be met in order for petitioner to prevail. See United States v. Campbell, 300 F.3d 202, 214 (2d Cir. 2002).  Moreover, "judicial scrutiny of counsel's performance must be highly deferential . . . [A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.

A.  Failure to Request a *Dunaway* Hearing

As grounds for habeas relief, petitioner reasserts an argument he raised on direct appeal: that trial counsel was ineffective because, in her omnibus motion, she failed to sufficiently challenge the legality of petitioner's arrest.  The Second Department rejected said claim and held that petitioner "was afforded meaningful representation." See Cabrera, 61 A.D.3d 884, 877 N.Y.S.2d 213.  Said claim also fails here.  "Where defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice." Kimmelman v. Morrison, 477 U.S. 365, 375 (1986).  Here, in its decision

denying petitioner's motion to suppress, the County Court made the following findings of

fact based upon the hearing testimony of Police Officer Michael Ciafardini:

> The credible testimony adduced at the hearing on this case established
> that on July 24, 2005, at approximately 1:18 a.m., Police Officer Ciafardini
> was dispatched to the housing project at 361 Main Street, New Rochelle,
> on the report that a man was unconscious in the hallway at that location.
> [Officer Ciafardini] arrived with three back-up officers. . . . The officers
> ascended the steps inside the building and observed between the second
> and third floors, the victim, Eric Landrine, lying on the landing in a pool of
> blood. . . . [Officer Ciafardini] saw a man through the door on the third
> floor, who was later identified as the victim's brother, Ted Landrine. [The
> officers] ascended the steps to the third floor. Ted Landrine pointed to
> Apartment 3H and told [Officer Ciafardini] that the man who did this was
> inside. The officers banged on the door. The defendant opened the door
> and attempted to shut it. The sergeant put his foot in the door to prevent
> the defendant from shutting it. The defendant came out. He stated,
> "Yeah, I did it." A crowd was gathering in the hallway. Defendant was
> placed under arrest, handcuffed and walked out of the building . . . .

See Exh. 4, at 1-2. Officer Ciafardini's testimony at trial (311-13) was consistent with

his testimony at the hearing. The officer's testimony–that petitioner stepped out of the

apartment into the hallway and spontaneously stated "Yeah, I did it"–plainly established

probable cause for his arrest. Thus, petitioner cannot demonstrate that he was

prejudiced by trial counsel's failure to request a *Dunaway* hearing. The Appellate

Division's decision rejecting this claim, therefore, was not contrary to, nor did it amount

to an unreasonable application of, federal law as established by the Supreme Court.

Accordingly, I conclude, and respectfully recommend, that petitioner is not entitled to

habeas relief on this claim.

    B.  Failure to Preserve the Issue of Insufficient Evidence

       "An application for a writ of habeas corpus on behalf of a person in custody

pursuant to the judgment of a State court shall not be granted unless it appears that the

applicant has exhausted the remedies available in the courts of the State . . . ."  28

U.S.C. § 2254(b)(1).  A habeas petitioner satisfies the exhaustion requirement if he has

presented his claims for post-conviction relief to the highest state court.  See Humphrey

v. Cady, 405 U.S. 504, 516 (1972); Grey v. Hoke, 933 F.2d 117, 119 (2d Cir. 1991).

"He may do so either by raising the federal claim on direct appeal to the state's highest

court *or* by collateral attack of the conviction and subsequent appeal of the denial of that

application to the state's highest court."  Pierre v. Ercole, 594 F. Supp.2d 469, 470

(S.D.N.Y. 2009) (quotation and citation omitted) (emphasis in original).  Further, "[i]t is

not enough that all the facts necessary to support the federal claim were before the

state courts, or that a somewhat similar state law claim was made."  Anderson v.

Harless, 459 U.S. 4, 6 (1982) (citation omitted).  To properly exhaust a state court

remedy, a petitioner "must apprise the highest state court of both the factual and the

legal premises of the federal claims ultimately asserted in the habeas petition."  See

Galdamez v. Keane, 394 F.3d 68, 73 (2d Cir. 2005).

Here, on direct appeal, petitioner argued trial counsel was ineffective because (a)

in her omnibus motion, she failed to sufficiently challenge the legality of petitioner's

arrest, (b) she failed to adequately object during the prosecution's cross-examination of

defense witnesses and (c) she failed to seek a continuance for the opportunity to review

the recorded telephone calls.  The remaining allegation of ineffective assistance of trial

counsel asserted in the instant Petition–that she failed to preserve the issue of

insufficient evidence–was not raised on direct appeal.  Accordingly, I conclude, and

respectfully recommend, that petitioner's remaining allegation of ineffective assistance

is unexhausted.

Nevertheless, said allegation is "deemed exhausted" since petitioner no longer has remedies available in the state courts.  See Bossett v. Walker, 41 F.3d 825, 828 (2d Cir. 1994).  Petitioner cannot again seek leave to appeal his claim in the Appellate Division or Court of Appeals because he has already made the one request for leave to appeal to which he is entitled.  See N.Y. Ct. Rules § 500.20(a); N.Y. Crim. Proc. Law § 460.15.  Further, because counsel's alleged failure is discernible from the record and therefore could have been raised on direct appeal, petitioner is precluded from raising his claim in a collateral proceeding.  See N.Y. Crim. Proc. Law § 440.10(2)(c).

Although petitioner's remaining allegation of ineffective assistance is deemed exhausted, petitioner's forfeiture of said claim in state court "bars him from litigating the merits of [that claim] in federal habeas proceedings, absent a showing of cause for the procedural default and prejudice resulting therefrom."  See Grey, 933 F.2d at 121. Alternatively, said claim–while otherwise procedurally barred–may receive federal habeas review if petitioner shows that the failure to consider the claim will result in a fundamental miscarriage of justice because "a constitutional violation has probably resulted in the conviction of one who is actually innocent."  Murray v. Carrier, 477 U.S. 478, 496 (1986).  Here, however, petitioner does not allege cause for his procedural default, nor does he allege that this Court's failure to address the merits of said claim would result in a fundamental miscarriage of justice.[11]  Accordingly, I respectfully

---

[11] The evidence at trial was strongly indicative of guilt and petitioner proffers no new evidence.  Further, petitioner argued on direct appeal that the evidence was legally insufficient to establish that he acted with intent to cause serious physical injury.  The Second Department stated said claim was "unpreserved for appellate review" but held "[i]n any event, the evidence was legally sufficient to establish that the defendant acted with the intent to cause serious physical injury and that the victim suffered serious physical injury."  See Cabrera, 61 A.D.3d 884, 877 N.Y.S.2d 213 (internal citations

recommend that petitioner's remaining allegation of ineffective assistance of trial counsel is procedurally barred from consideration by this Court and must be dismissed.

## III.  CONCLUSION

For the foregoing reasons, I conclude, and respectfully recommend, that the instant petition for a writ of habeas corpus be denied in its entirety.[12]

## IV.  NOTICE

Pursuant to 28 U.S.C. § 636(b)(1)(c), as amended, and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from receipt of this Report to serve and file written objections to this Report and Recommendation.  If copies of this Report are served upon the parties by mail, the parties shall have seventeen (17) days from receipt of this Report to file and serve written objections.  See Fed. R. Civ. P. 6(d).  Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Vincent L. Briccetti at the United States District Court, Southern District of New York, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at said Courthouse.

---

omitted).

[12] Attached to this Report and Recommendation are copies of all unpublished opinions and decisions available only in electronic form cited herein.  See Lebron v. Sanders, 557 F.3d 76, 78 (2d Cir. 2009).

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.  See Caidor v. Onondaga County, 517 F.3d 601, 604 (2d Cir. 2008).


Requests for extensions of time to file objections must be made to the Honorable Vincent L. Briccetti and not to the undersigned.


Dated:  August 1, 2013
        White Plains, New York

                                        Respectfully Submitted,

                                        _____
                                        GEORGE A. YANTHIS, U.S.M.J.

-16-