```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
ALBERTO CABRERA,                                  :
                Petitioner,                       :
                                                  :    MEMORANDUM DECISION
v.                                                :
                                                  :    10 CV 8304 (VB)
WILLIAM LEE, Superintendant, Green Haven          :
Correctional Facility,                            :
                Respondent.                       :
--------------------------------------------------------------x
```

Briccetti, J.:

Before the Court is Magistrate Judge George A. Yanthis's Report and Recommendation ("R&R"), dated August 1, 2013 (Doc. # 24), on Alberto Cabrera's petition for a writ of habeas corpus. Judge Yanthis recommended the Court deny the petition.

For the following reasons, the Court adopts the R&R. The petition is DENIED.

Familiarity with the factual and procedural background of this case is presumed; the Court, therefore, recites only those facts necessary for resolution of petitioner's objections.

I.      Standard of Review

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific[,] written," and submitted within 14 days after being served with a copy of the recommended disposition, Fed.R.Civ.P. 72(b)(2); 28 U.S.C. § 636(b)(1), or within 17 days if the parties are served by mail. See Fed. R. Civ. P. 6(d).

When a party submits a timely objection to a report and recommendation, the district court reviews the parts of the report and recommendation to which the party objected under a de novo standard of review. 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b)(3). The

1

district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record.  See Wilds v. UPS, Inc., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).  The clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments.  See Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).  As petitioner is proceeding pro se, this Court "will 'read [his] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest.'"  Id. (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)).

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), petitioner is entitled to habeas corpus relief only if he can show "the state court 'unreasonably' applied law as established by the Supreme Court in ruling on petitioner's claim, or made a decision that was 'contrary to' it."  Cousin v. Bennett, 511 F.3d 334, 337 (2d Cir. 2008) (quoting 28 U.S.C. § 2254(d)(1)).  The state court's determination of factual issues is presumed correct, and petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

II.     Petitioner's Objections

Petitioner objects to Judge Yanthis's findings that (1) petitioner's prosecutorial misconduct claim was procedurally defaulted, and (2) petitioner did not receive ineffective assistance of counsel.

Specifically, petitioner argues his prosecutorial misconduct claim is not procedurally defaulted because his New York Criminal Procedure Law § 440.10 motion and his subsequent direct appeal "properly raised all issues needing preservation."  (Emphasis added.)  The Court rejects this claim.

Judge Yanthis concluded petitioner's prosecutorial misconduct claim was procedurally defaulted because petitioner failed to comply with CPL. § 440.10(2)(b), not because petitioner failed to <u>preserve</u> this claim.  See <u>Velasquez v. Leonardo</u>, 898 F.2d 7, 9 (2d Cir. 1990) ("[F]ederal habeas review is foreclosed when a state court has expressly relied on a procedural default as an independent and adequate state ground, <u>even where the state court has also ruled in the alternative on the merits of the federal claim</u>." (emphasis added)).

Further, petitioner's prosecutorial misconduct argument does not establish cause and prejudice or a fundamental miscarriage of justice that would excuse his procedural default, as the Court has carefully reviewed the record and finds petitioner's prosecutorial misconduct argument is clearly without merit.

Petitioner's remaining objections merely reiterate earlier arguments made before Judge Yanthis.  Thus, the Court reviews the R&R for clear error.  <u>Kirk v. Burge</u>, 646 F. Supp. 2d 534, 538 (S.D.N.Y. 2009) (citations omitted).  Having done so, and having found no error, clear or otherwise, the Court adopts the R&R in its entirety for the reasons stated therein.

## CONCLUSION

Accordingly, the Court adopts Judge Yanthis's R&R, and the petition is DENIED. The Clerk is instructed to enter judgment accordingly and close this case.

As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253(c)(2); Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005). In addition, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

Dated:  November 8, 2013
        White Plains, NY

                              SO ORDERED:

                              _____
                              Vincent L. Briccetti
                              United States District Judge